IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARY HARLEY,                                  :
   Plaintiff,                                 :
                                  :
   v.                                         :       **CIVIL ACTION NO. 24-CV-2729**
                                    :
MAYOR OF PHILADELPHIA,                         :
CHERELLE PARKER, *et al.*,                     :
   Defendants.                                :

**MEMORANDUM**

**BEETLESTONE, J.**                                            **JULY 1ST, 2024**

Plaintiff Mary Harley brings this *pro se* civil action pursuant to 42 U.S.C. § 1983,

against:  (1) Mayor of Philadelphia, Cherelle Parker; (2) the City of Philadelphia; (3) "City

Council Members, All Members of City Hall"; (4) the Philadelphia Sheriff's Office; (5)

Commissioner of the Pennsylvania Department of Human Services; (6) University of

Pennsylvania Hospital; (7) Temple University Hospital; (8) Jefferson Hospital/Medical Clinic;

(9) Montgomery District Attorney Kevin Steele; (10) "Veterans Hospital"; and (11) the

Commonwealth of Pennsylvania.  (Compl. (ECF No. 2) at 1-2.)  She seeks to proceed *in forma*

*pauperis*.  For the following reasons, the Court will grant Harley leave to proceed *in forma*

*pauperis* and dismiss her Complaint.

I.      FACTUAL ALLEGATIONS[1]

Harley states that she is bringing claims "for conspiracy, discrimination, harassment &

hateful crime civil rights violations of my rights to my own private mind, life & peace of mind &

my three children."  (Compl. at 3.)  She claims that the "government" took her mind away by

---

[1] The following facts are taken from the Complaint.

connecting it to utility poles throughout the City of Philadelphia.  (*Id.*)  This is allegedly straining

her brain "causing throbbing migraines [and] forcing [her] to repeat what the utility poles

conversation talk about."  (*Id.*)  Harley also alleges that her eldest son was wrongfully

incarcerated, that her daughter was wrongfully involuntarily committed, and that her youngest

son was put in a hospital in 2007.  (*Id.*)

Based on these and other similar allegations, Harley alleges that her and her children's

constitutional rights were violated.  She seeks damages for herself and her children, as well as a

hearing so she can understand how the government is controlling her mind and her daughter's

mind.  (*Id.* at 4.)

## II.    STANDARD OF REVIEW

The Court grants Harley leave to proceed *in forma pauperis* because it appears that she is

not capable of paying the fees to commence this civil action.  Accordingly, her Complaint is

subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss

the Complaint if, among other things, it is frivolous.  A complaint is subject to dismissal under §

1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).  It is legally baseless if "based on an indisputably meritless

legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless

"when the facts alleged rise to the level of the irrational or the wholly incredible."  *Denton v.*

*Hernandez*, 504 U.S. 25, 33 (1992).

## III.    DISCUSSION

### A.  Claims Brought on Behalf of Others

Harley is, in part, attempting to bring claims on behalf of her children and seeking

damages to compensate her children for harm they allegedly suffered.  Under 28 U.S.C. § 1654,

2

parties "may plead and conduct their own cases personally or by counsel" in the federal courts.

Section 1654 thus ensures that a person may conduct his or her own case pro se or retain counsel

to do so.  *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory

right to proceed pro se reflects a respect for the choice of an individual citizen to plead his or her

own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d

Cir. 1990))).  Although an individual may represent herself *pro se*, a non-attorney may not

represent other parties in federal court.  *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225,

232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a

venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v.

Parma City Sch. Dist.*, 550 U.S. 516 (2007).  Furthermore, "a plaintiff must assert his or her own

legal interests rather than those of a third party" to have standing to bring a claim.  *See Twp. of

Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)).

For these reasons, any claims that Harley brings on behalf of her children must be dismissed

without prejudice for lack of standing.

### B.  Harley's Claims

Harley may not proceed on her own claims because her allegations are wholly incredible

and lack a basis in fact.  Harley alleges violations of her civil rights in connection with a

conspiracy by Defendants to target her through utility poles to control her mind.  These

allegations are wholly incredible.  Accordingly, the Court will dismiss Harley's claims, without

leave to amend, as factually baseless.  *See, e.g., Caterbone v. Nat'l Sec. Agency*, 698 F. App'x

678, 679 (3d Cir. 2017) (*per curiam*) (dismissing appeal as lacking an arguable basis in fact

where underlying allegations were based on plaintiff's assertion that he was a "victim of U.S.

sponsored mind control and cointelpro harassment program"); *Price v. Fed. Bureau of*

*Investigation*, Civ. A. No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020), *aff'd*, 845

F. App'x 106 (3d Cir. 2021) (finding plaintiff's allegations to be factually frivolous where

plaintiff asserted that "numerous law enforcement agencies, attorneys, prison officials, and

medical professionals have used neurological and psychological technology to control the 'four

basic groups of his brain and mental functions' and "that the use of this 'technology' and 'mind

control' has caused him numerous impairments and drove him to criminal and erratic behavior");

*Jorge v. Torres*, No. 18-14674, 2019 WL 2385942, at *3 (D.N.J. June 6, 2019) ("Plaintiff's

factual allegations that the Police are monitoring his every move and that the Police do so by

telephone recruitment 'of informants, spies, and willing constituates [sic]' is exactly the type of

'fantastic or delusional scenario[ ]' warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)."

(alterations in original)).

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Harley's clams as frivolous and dismiss

claims she brought on behalf of others without prejudice for lack of standing.  Harley has

repeatedly brought claims similar to those she raises in this case and has been repeatedly

informed that her claims may not proceed because they are frivolous and for lack of standing.[2]

---

[2] *Harley v. City of Phila.*, No. 17-904 (E.D. Pa) (ECF No. 3) (dismissing complaint as frivolous);
*Harley v. Jonas*, No. 21-3625 (E.D. Pa.) (ECF No. 4) (dismissing complaint for lack of standing
to raise claims on behalf of daughter); *Harley v. City of Phila. City Gov't*, No. 21-3680 (E.D.
Pa.) (ECF Nos. 7 & 8) (dismissing complaint as frivolous and for lack of standing); *Harley v.
Edison 64 Veteran Community Apartment Complex*, No. 21-3856 (E.D. Pa.) (ECF Nos. 5 & 6)
(dismissing for lack of standing to bring claims on daughter's behalf); *Harley v. Police Dist. 15th
Dist. & 2nd Dist.*, No. 21-3870 (E.D. Pa.) (ECF Nos. 5 & 6) (dismissing as frivolous and for lack
of standing to bring claims on son's behalf); *Harley v. City of Phila.*, No. 21-3877 (E.D. Pa.)
(ECF Nos. 4 & 5) (dismissed as frivolous and for lack of standing to pursue claims raised on
behalf of other son); *Harley v. Corporal Michael J. Crescenz VA Med. Ctr.*, No. 22-2251 (E.D.
Pa.); No. 22-2732 (E.D. Pa.) (dismissal of claims raised under Federal Tort Claims act based on
harm allegedly caused to Harley's daughter); *Harley v. Dep't of Human Servs.*, No. 23-3144
(E.D. Pa.).  At the time she filed the instant case, Harley filed two other cases, both of which

Accordingly, Harley is warned that if she brings similar claims in the future, the Court will

restrict her ability to file additional lawsuits.  An appropriate Order follows.

**BY THE COURT:**

/S/Wendy Beetlestone, J.

**WENDY BEETLESTONE, J.**

---

pursue claims on behalf of her children and which raise allegations similar to those raised in
Harley's prior cases.  *See Harley v. Phila. SEPTA Transp. Headquarters*, No. 24-2639 (E.D. Pa.)
(ECF No. 2); *Harley v. Veterans Hosp. and Veterans Med. Clinic*, No. 24-2725 (E.D. Pa.) (ECF
No. 2).